UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SEAN LEE STRANDBERG, #807970, | ) | |
| Petitioner, | ) | |
| | ) | No. 1:16-cv-211 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| CARMEN PALMER, | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Sean Strandberg, a state prisoner, filed a petition for habeas relief under 28 U.S.C. § 2254. The magistrate judge issued a report, recommending the petition be denied. (ECF No. 17.) Strandberg filed objections. (ECF No. 18.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

The Court has reviewed Strandberg's objections. Generally, the discussion of the relevant law in the R&R addresses Strandberg's concerns.

1. Stay. Strandberg does not object to the recommendation that his motion to stay be denied.

2. Polygraph Evidence. Strandberg argues that the polygraph evidence introduced at his trial could not be cured by an instruction to the jury. To be clear, at trial, a witness testified that Strandberg "was offered a polygraph[.]" (ECF No. 12-6 PageID.734.) There was no testimony about the results of a polygraph or even if Strandberg accepted or declined the offer.

Strandberg's objection is overruled. The relevant law was summarized on pages 12-14 of the R&R (PageID.1455–57). The state courts resolved this issue as a state law evidentiary question. The opinions cited by Strandberg are not in conflict with the decision reached by the state courts. None of the decisions cited by Strandberg address a set of facts similar to what occurred at Strandberg's trial.

3. Prosecutorial Misconduct.

A. Vouching. Strandberg does not object to the portion of the R&R that addresses his claim that the prosecutor improperly vouched for or bolstered the victim's testimony.

B. False Testimony. Strandberg generally complains that a detective presented false testimony about what was said during Strandberg's recorded interview. Strandberg asserts the prosecutor then used the false testimony in closing, knowing the testimony was false. In his objection, Strandberg does not identify the allegedly false testimony.

Strandberg's objection is overruled.  First, this issue was addressed in the state court proceedings, where it was resolved in a manner consistent with clearly established federal law.  (R&R at 18 PageID.1461.)  Second, Strandberg's objection is too vague for the Court to resolve.  Even reading the petition, it is not clear about which of the prosecutor's statements Strandberg complains.  The prosecutor did not refer to the recorded interview as a confession; the prosecutor repeatedly stated the opposite, that the statements were not a confession.  (R&R at 18 PageID.1461, quoting ECF No. 12-6 PageID.865.)

    C. Mischaracterizing the Victim's Testimony.  Strandberg complains that the prosecutor mischaracterized the victim's testimony.  The dispute is over the phrase "bent over."

Strandberg's objection is overruled.  The magistrate judge concluded that the prosecutor's argument was simply asking the jury to draw fair inferences from the testimony, a conclusion wholly supported by the transcript.  Defense counsel raised this issue in closing, arguing that the victim's testimony did not make sense.  The prosecutor then responded to defense counsel's theory.  The prosecutor did not mischaracterize the victim's testimony, which can be found at ECF No. 12-4 PageID.510.

4. Ineffective Assistance of Counsel.  Strandberg acknowledges this claim relies on his claim of prosecutorial misconduct.  Because the Court finds that Strandberg has not adequately established a claim for prosecutorial misconduct, Strandberg's claim for ineffective assistance of counsel must fail.  Any objection on this issue is overruled.

The Court has reviewed the petition for the purpose of deciding whether to grant a certificate of appealability. The magistrate judge recommended denying a certificate of appealability, a recommendation to which Strandberg did not object. The Court agrees with the recommendation. Reasonable jurists would not disagree with the manner in which Strandberg's claims were resolved.

For these reasons, the Report and Recommendation (ECF No. 17) is **ADOPTED** as the Opinion of this Court. Strandberg's motion to stay the proceedings (ECF No. 14) is **DENIED**. A certificate of appealability is also **DENIED**.

**IT IS SO ORDERED.**

Date: June 9, 2017 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge